IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO ARAMBULA, | ) No. C 06-0070 CW (PR) |
| Plaintiff, | ) ORDER DENYING REQUEST TO |
| v. | ) RECONSIDER |
| MILLNER, M.D., ET AL., | ) (Docket nos. 23, 24, 25) |
| Defendant. | ) |

Plaintiff, a state prisoner, filed the above-referenced pro se civil rights complaint pursuant to 42 U.S.C. § 1983 regarding the conditions of his incarceration.

On July 11, 2006, because Plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury," the Court ordered him to show cause why his actions should not be dismissed without prejudice to bringing in a paid complaint. 28 U.S.C. § 1915(g); see Andrews v. King, 398 F.3d 1113, 1120-21 (9th Cir. 2005).

On August 10, 2006, Plaintiff responded by filing a "Motion to Return a [sic] Order to Show Cause" in which he failed to address the propriety of the dismissal of his action pursuant to § 1915(g), or make any showing as to why his actions should not be dismissed pursuant to that section. Therefore, in an Order dated September 25, 2006, the above-referenced action was DISMISSED without prejudice to bringing the claims herein in a future action in which

Plaintiff pays the full filing fee of $ 250.00.

Plaintiff has now filed a motion to reconsider (docket no. 23) and an amended motion to reconsider (docket no. 24). Where the Court's ruling has resulted in a final judgment or order, as here, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. Because Plaintiff's motion was not filed within ten days of entry of judgment, as is required for a Rule 59(e) motion, it will be treated as a Rule 60(b) motion.

Rule 60(b) provides for reconsideration where one or more of the following is shown:  (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).  "Rule 60(b) [] provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there is any other reason justifying relief from judgment." Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under subparagraph (6) or any other

provision of Rule 60(b).  "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).

The Court finds nothing in Plaintiff's allegations in either his motion to reconsider or amended motion to reconsider that merits reconsideration.  For example, Plaintiff states that he is filing "this Amended Motion as a 'proof' that his 'rights' are bee [sic] abused and violated by defendants and 'there predecessor's [sic]. . . ."  (Am. Mot. to Recons. at 1.)  In his motion to reconsider, Plaintiff seems to be challenging the Court's § 1915(g) dismissal by alleging that he meets the imminent danger exception because he was denied an "insulin order" from April 28, 2006 to July 21, 2006.  (Mot. to Recons. at 2-3.)  However, the plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint.  See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("Andrews II").  The conditions that existed at some earlier or later time are not relevant.  See id. at 1053 n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the § 1915(g) analysis).  Plaintiff's complaint filed on January 9, 2006 includes allegations that Defendants ignored his requests to "reorder [his]

3

insulin order" in March and April of 2005. (Compl., Ex. 1 at 1.) Because the aforementioned conditions of a denial of insulin did not exist at the time of filing of the complaint, the Court finds that Plaintiff's allegations do not qualify under the imminent danger exception. See Andrews II, 493 F.3d at 1053.

Plaintiff's allegations present no grounds that warrant reconsideration; therefore, the Court reaffirms its dismissal of his action pursuant to § 1915(g). Accordingly, Plaintiff's request to reconsider is DENIED.

If Plaintiff is currently being denied insulin, then he may file a new action alleging that he is in imminent danger of serious physical injury at the time of filing. See id. at 1055 (It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). Furthermore, to avoid dismissal for failure to exhaust available administrative remedies, Plaintiff must exhaust his claims through California's prison grievance process prior to filing his new action. See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

## CONCLUSION

1. Plaintiff's motion to reconsider and amended motion to reconsider (docket nos. 23, 24) are DENIED.

4

2.  The Clerk of the Court shall terminate all pending motions, including his "Motion for Declaration of Indigency by Plaintiff" (docket no. 25).  Plaintiff has filed several motions in his other actions after they were closed.  Therefore, any future motions submitted by Plaintiff in this case will not be received by the Clerk of the Court and will be returned to Plaintiff.

This Order terminates Docket nos. 23, 24 and 25.

IT IS SO ORDERED.

DATED:   9/26/07



CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GONZALO ARAMBULA,

       Plaintiff,

  v.

MILLNER et al,

       Defendant.
                                        /

Case Number: CV06-00070 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 26, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gonzalo Arambula T-61604
Kern Valley State Prison ;Delano II
FAC C-8-111 Low
P.O. Box 5103
Delano, CA 93216-5103

Dated: September 26, 2007

                                      Richard W. Wieking, Clerk
                                      By: Sheilah Cahill, Deputy Clerk